(100 N. W. 745.)

---

PETER REGAN v. RASMUS SORENSON, DANIEL REGAN AND CHARLES TUFFORD, AS THE DISTRICT SCHOOL BOARD OF WEBSTER SCHOOL TOWNSHIP OF RAMSEY COUNTY, NORTH DAKOTA, A CORPORATION.

Opinion filed September 8, 1904.

**Injunction — Uncertain Order.**

1. An injunctional order which is uncertain with respect to the acts enjoined thereby is void.

Appeal from District Court, Ramsey county; Cowan, J.

Action by Peter Regan against Rasmus Sorenson and others. Judgment for plaintiff, and defendants appeal.

Reversed.

*Wm. Anderson* and *Brennan & Gray,* for appellants.
*McClory, Barnett & Adamson,* for respondent.

ENGERUD, J. This is an appeal by defendants from an order of the district court continuing in force pendente lite a preliminary injunctional order previously made on an ex parte application by plaintiff. The order appealed from (omitting recitals) reads as follows: "It is hereby ordered that the temporary restraining order heretofore issued in the above-entitled action be, and the same is hereby, continued in full force and effect until the final determination of this action." The previous order referred to restrains the defendants "from doing any of the acts which the plaintiff alleges in his said complaint herein that you are threatening and about to do." The order appealed from furnishes no direct information as to the acts prohibited thereby. It merely suggests inquiry. In order to ascertain its scope and effect, it is necessary to pursue the inquiry step by step through the record of the case until the desired information is discovered. In this case we must resort to the complaint to ascertain what specific things the defendants are restrained from doing. After examining the complaint, we are unable to determine with certainty what is the exact scope and effect of the order. Six consecutive paragraphs of the complaint, beginning with the fourth, are mere assertions as to the interpretation and legal effect of various provisions of the statute, by reason of which it is asserted that the election involved in the case was void. Neither the allegations nor proof furnishes any clear information as to the language of the petition for the election, the form of the resolution ordering the same, or of the notice of the election. In short, no facts are alleged or proven sufficient to put the validity of the election in question. The only facts which we can glean from the complaint are as follows: The plaintiff is a resident taxpayer of Webster school district, and has several children entitled to the school privileges of the district. The defendants are the school directors of the district. An election was held pursuant to a petition under section 704, Rev. Codes 1899, as amended by section 4, chapter 83, p. 100, Laws 1903, on a proposition to consolidate the schools of the district so as to reduce the number of schools from four to two. The proposition to consolidate was carried by a large majority. The complaint alleges that the defendants are about to consolidate the schools, without providing transportation to and from the consolidated schools for the pupils formerly attending the vacated schools; and further alleges that the defendants are about to move school buildings, purchase sites, etc., for the consolidated

schools, which will involve an expense of at least $1,000, without advertising for competitive bids therefor. The relief prayed for is that the defendants be restrained from proceeding with the consolidation without providing transportation facilities, and from incurring any expense for sites, buildings, etc., without advertising for competitive bids; and it is further prayed that the election be declared void.

It is apparent from paragraphs 4 to 9 of the complaint and the last part of the prayer for relief, as well as from the memorandum filed by the court below and the briefs of counsel, that the plaintiff claimed, and the district court intended to hold, that the election was void, and hence that the defendants should be restrained from effecting the consolidation. The trial court's memorandum of its reason for the decision, however, is no part of the order, and cannot be looked to for an interpretation of the language thereof. The fact remains that the order does not clearly specify, either directly or by reference to the record, what acts are forbidden. When an injunctional order is so indefinite and uncertain that the court with the entire record before it, has difficulty in understanding its meaning, it would be manifestly unreasonable to expect laymen to interpret it correctly, and be governed by its provisions at the peril of severe punishment for disobedience. We hold that the order appealed from should be set aside because it is unintelligible, and therefore decline to explore the record in search of allegations and proofs which might be found sufficient to present some of the questions of law argued by counsel. For the purposes of this case we have assumed that the injunctional order may be made intelligible by reference to the complaint. We do not, however, concede the truth of that assumption.

The order appealed from is reversed. All concur.